IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>FRANK LAM,<br><br>　　　　Defendant._____/ | No. C-06-00644 CRB (EDL)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR DISCOVERY** |

From April through August 2006, the government obtained four court orders for wiretaps of the phones of co-Defendant Khanh Trieu Le. At least some of the information used in support of the wiretap applications came from other Drug Enforcement Administration investigations of Le's associates in Washington, in particular, John Jay Cunningham and Long Tran. Based at least in part on the wiretap recordings, in September 2006, Le as well as Defendant Lam and others were indicted on narcotics charges.

In July 2007, Defendant Lam moved, under Franks v. Delaware, 438 U.S. 154 (1978), to suppress evidence obtained from the wiretaps, alleging that the wiretap affiant materially misled the court by misstating and omitting material information concerning the necessity of the wiretaps. On August 22, 2007, Judge Breyer summarily denied the motion to suppress.

Defendant Lam seeks further disclosure of information from the Washington investigations of Cunningham and Tran to "fully litigate the suppression motion," contending that "documents memorializing the government's use of traditional investigative tools to investigate Khanh Le and his associates, including defendants in two related prosecutions in Washington, are potentially exculpatory in the context of defendant's motion to suppress." Def.'s Mot. at 2. The government has already provided the following discovery to Defendant Lam: (1) all reports, recordings,

transcripts, affidavits, orders, search warrants, and related materials regarding the wiretaps of the telephones of Khanh Trieu Le; (2) all the discovery provided in the case of <u>United States v. Cunningham</u>, CR 05-00417 RSM (W.D. Wash.); and (3) all of the discovery provided in the case of <u>United States v. Tran</u>, CR 06-00307 RSM (W.D. Wash.). Pl.'s Opp'n at 3. In his motion, Defendant Lam now seeks: (1) reports of interviews with confidential sources by Washington agents in the <u>Cunningham</u> investigation; (2) interviews with confidential sources from the <u>Tran</u> investigation; (3) investigative reports of interviews of DEA cooperating source number CS-05-118430; (4) interviews with cooperating witnesses Cunningham, Joey Tran, Andy Le, An Nguyen, Roy Channing and Hong Nguyen; (5) investigative reports of interviews with witnesses who arranged a 250 pound marijuana transaction with Hong Nguyen in 2001; (6) investigative reports of interviews with cooperating witnesses who purchased 150 kilograms of marijuana from Dong Nguyen in 2003; and (7) reports of phone data and subscriber information relating to calls placed to or phones allegedly used by Le, Cunningham, Joey Tran, Long Tran or Hong Nguyen. The Court held a hearing on Defendant Lam's motion for discovery on January 8, 2008.

At the hearing, Defendant Lam clarified that he believes the information is discoverable based on the requirement in <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) that the government disclose material exculpatory evidence. <u>See</u> <u>Brady</u>, 373 U.S. at 87 ("[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."); <u>see also</u> <u>United States v. Fort</u>, 472 F.3d 1106 (9th Cir. 2007) (holding that "thus, 'government personnel' is defined expressly to incorporate not only federal authorities, but also employees of non-federal government entities that are engaged in assisting federal criminal law enforcement."); <u>United States v. Alvarez</u>, 86 F.3d 901, 904-05 (9th Cir. 1996) ("However, in <u>Kyles v. Whitley</u>, 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995), the Court emphasized the prosecutor's personal duty to become aware of, and disclose, material exculpatory information. '[T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police.' [citation omitted]. The prosecutor must employ whatever means are necessary to discharge her obligation."); <u>United States v. Bryan</u>, 868

F.2d 1032 (9th Cir. 1989) ("The prosecutor will be deemed to have knowledge of and access to anything in the possession, custody or control of any federal agency participating in the same investigation of the defendant. . . . If a federal prosecutor has knowledge of and access to exculpatory information as defined in Brady and its progeny that is outside the district, then the prosecutor must disclose it to the defense."). The government does not dispute its Brady obligations, but argues that Defendant Lam is not entitled to the requested discovery under Brady because the information is not exculpatory. The government argues that it has more than fulfilled its Brady obligations by producing all the discovery in the Cunningham and Tran matters. Moreover, the government's counsel represented at the hearing that she had spoken with the Washington agents involved in the related investigations, who denied that there was anything else in their investigative files regarding Le.

Defendant Lam has not made a showing that the government is withholding any Brady materials, or that the discovery he seeks is exculpatory, but instead, only speculates that the discovery *may* be helpful in support of a motion to suppress. See United States v. Acosta, 357 F. Supp. 2d 1228, 1244 (D. Nev. 2005) ("Prosecutors are required to make the initial determination of whether the pretrial discovery the defendant requests is material. The prosecutor's responsibility to make judgment calls about what information constitutes Brady and Giglio material may cause defense counsel some angst. However, the prosecutor's duty to determine whether information in its possession requires pretrial disclosure is no different than the duty imposed on counsel for litigants in both civil and criminal litigation to exercise their professional judgment in making discovery disclosures required by the rules of civil and criminal procedure. The prosecutor who does not err in favor of disclosure runs the risk of reversal."). Moreover, Defendant Lam has not made a showing that a motion based on Brady is even appropriate at this time. See United States v. Siriprechapong, 181 F.R.D. 416, 421 (N.D. Cal. Apr. 24, 1998) ("The Brady rule, however, is considered more in the nature of a constitutional protection, rather than a basis for granting or withholding discovery. No specific request to disclose Brady material is required, and the government is under a self-executing obligation to provide it. Again, the doctrine applies primarily to evidence which would be useful at trial, not to any pre-trial motion. In addition, the issue generally comes up in a post-trial context after

a criminal defendant learns that exculpatory evidence in the possession of the government was not turned over. [citation omitted]."); see also United States v. McVeigh, 954 F. Supp. 1441, 1449-50 (D. Colo. 1997) ("Generally, Brady violations first come before a court after the trial and the court may then consider the materiality of what was suppressed or omitted from disclosures made, in the context of the complete trial record.").

The government argues that the discovery sought would not bolster the showing that Defendant is required to make to obtain a Franks hearing. To mandate an evidentiary hearing under Franks, there must be a substantial preliminary showing of "deliberate falsehood [in the affidavit supporting the search warrant] or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof." Franks, 438 U.S. at 171; see also United States v. Levasseur, 816 F.2d 37, 43 (2d Cir. 1987) ("The Franks Court outlined the procedures and standards to be used in trying to balance the defense's right to challenge the sufficiency of the affidavit against the potential for misuse of the privilege as a way to expand the proper scope of discovery."). Here, Defendant Lam has submitted no declarations or other sworn statements showing the basis for his belief that the documents sought exist or, if they do, how they are material:

> As in Santiago, defendant makes "conclusory allegations" that fail to establish that the information he seeks is material. Defendant argues that the evidence is material to a Franks hearing. (Mot. at 5.) But there is no Franks hearing scheduled because defendant has not yet made the requisite "substantial preliminary showing." Furthermore, the information sought is material only if defendant is right that there was a search of the Mazda which turned up no drugs. But there is no evidence that there was a search and the government denies that there was one. It is not enough to string together a speculative list of possibilities-such as, the officers may be lying about whether there was a search, the documents or tangible items might show that the officers are lying, there may have been a search and the search may not have found any cocaine base. This is not a showing of materiality. It is a wish list. It might be consistent with expansive civil discovery, but it is not permitted under the more restrictive criminal discovery standards.

United States v. Dossman, 2006 WL 2927484, *2 (E.D. Cal. 2006). Moreover, the government's counsel represented that the Washington agents denied that there was anything in their investigations regarding Le that should be produced. Defendant Lam argues that the discovery is "helpful to the defense in the context of a motion to suppress" (Mot. at 8), but this argument does not constitute a showing of materiality; at most, it constitutes speculation. The Court recognizes that Defendant Lam is in the difficult position of having to produce evidence to show the materiality of

information that may or may not exist in order to make the substantial preliminary showing required by <u>Franks</u>. The <u>Franks</u> Court, however, explained the reason for this threshold requirement: "The requirement of a substantial preliminary showing would suffice to prevent the misuse of a veracity hearing for purposes of discovery or obstruction." <u>Franks</u>, 438 U.S. at 170. Because Defendant Lam has not made a showing of materiality, his request for discovery fails.

Accordingly, Defendant Lam's motion for discovery is denied without prejudice.

**IT IS SO ORDERED.**

Dated: January 22, 2008

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge